1
2
3
4

**Andrew Chan Kim (SBN 315331)**
2603 Barclay Way
Belmont, CA 94002
T: (650) 339-2005
chan.a.kim@gmail.com

*Attorney for Plaintiff*

5

UNITED STATES DISTRICT COURT

6

NORTHERN DISTRICT OF CALIFORNIA

7

SAN FRANCISCO DIVISION

8
9
10
11
12
13
14
15
16
17
18
19
20
21
22

| | |
|---|---|
| RUDI HERRERA,<br><br>               Plaintiff,<br><br>      vs.<br><br>CITY OF FREMONT, Fremont Chief of Police RICHARD LUCERO, Fremont Sergeant LITTLE, Fremont Officer JOSEPH GIGLIOTTI, Fremont Officer ROBERT GERBER, Fremont Officer AL FRANCISCO Fremont employees DOES 1-20, COUNTY OF ALAMEDA, Alameda County Captain D. SKOLDQVIST, District Attorney JAMES MEEHAN, Alameda County employees Does 21-40, and DOES 41-60, Jointly and Severally,<br><br>              Defendant(s). | Case No.:<br><br>**COMPLAINT FOR DAMAGES, DECLARATORY & INJUNCTIVE RELIEF, AND DEMAND FOR JURY TRIAL**<br><br>1.  42 U.S.C. § 1983 – Civil Rights Violations<br>2.  42 U.S.C. § 1983 – *Monell* and Supervisory Liability<br>3.  42 U.S.C. § 1983 – Malicious Prosecution<br>4.  42 U.S.C. § 1983 – *Devereaux* Liability<br>5.  California Constitution, Article I, § 13<br>6.  California Civil Code § 52.1(b) – State Civil Rights Violations<br>7.  False Arrest and False Imprisonment<br>8.  Assault and Battery<br>9.  Negligence<br>10.  Invasion of Privacy<br>11.  Intentional Infliction of Emotional Distress |

23

     Plaintiff, by and through his attorney, for his Complaint against Defendants, states the

24

following:

**INTRODUCTION**

25
26

     1.    This case arises out of an incident in which Defendants Fremont Police Officers

Joseph Gigliotti and Robert Gerber unlawfully entered Plaintiff Rudi Herrera's home over his

27

objection and without a warrant in the context of what was, at most, a mere civil dispute. In the

28

course of the officers' tortious, warrantless entry, the officers wrongfully, deliberately indifferently, negligently, and/or otherwise proximately caused Mr. Herrera to be subjected to excessive force, falsely arrested, and falsely imprisoned while inside his home and in front of his family, including small and minor children. During this encounter, Mr. Herrera was pinned against the wall, slammed onto the couch and forced to the ground, tased multiple times, and beaten before being arrested and maliciously charged under California Penal Code sections 243(e)(1), 148(a)(1) on two counts, and 647(f), all of which were subsequently dismissed on or about September 1, 2017. As a result of the officers' conduct, Mr. Herrera sustained injuries to his body, including, but not limited to, swelling of his arms and neck, and bruising.

## JURISDICTION AND VENUE

2.     This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1343(a)(3)-(4) because it is being brought to obtain compensatory and punitive damages for the deprivations, under color of state law, of the rights of citizens of the United States that are secured by the United States Constitution, pursuant to 42 U.S.C. §§ 1983 and 1988. This action is brought pursuant to the First, Fourth, and Fourteenth Amendments to the United States Constitution, and the laws and Constitution of the State of California.

3.     Plaintiff further invokes this Court's supplemental jurisdiction, pursuant to 28 U.S.C. § 1367(a), to hear and decide claims arising under state law.

4.     Venue is proper, pursuant to 28 U.S.C. § 1391(b)(1)-(2), because the City of Fremont Defendants and Alameda County Defendants reside in this judicial district, and the events or omissions giving rise to Plaintiff's claims occurred in this judicial district.

## PARTIES AND PROCEDURE

5.     Plaintiff Rudi Herrera ("Herrera") is a citizen of the United States and a competent adult.

6.     Defendant City of Fremont ("Fremont") is a municipal corporation, duly organized and existing under the laws of the State of California, and is the employer of the individual Fremont defendants, as well as certain, to-be-identified Doe Defendants. Under its

1    authority, Fremont operates the Fremont Police Department ("FPD"). At all material times

2    herein, Fremont was responsible for supervising, enacting, and enforcing the FPD's conduct,

3    policies, and practices, was responsible for the absence of needed policies and practices, and was

4    responsible for the hiring, retention, supervision, and training of employees and agents of the

5    FPD including such employees as Defendants, Chief Richard Lucero ("Lucero"), Sergeant Little,

6    Officer Joseph Gigliotti ("Gigliotti"), Officer Robert Gerber ("Gerber"), Officer Al Francisco

7    ("Francisco"), and the to-be-identified Fremont employees – Does 1-20.

8         7.    At all material times herein, Defendants Lucero, Little, Gigliotti, Gerber,

9    Francisco, and the to-be-identified Fremont employees Does 1-20, in doing the acts or omissions

10   hereinafter described, acted within the course and scope of their employment with Defendant

11   Fremont, by virtue of their employment with the FPD, and acted under color of state law.

12   Defendants Lucero, Little, Gigliotti, Gerber, Francisco, and the to-be-identified Fremont

13   employees Does 1-20 are sued in their individual capacities, including, where applicable, in their

14   capacities as supervisors based on supervisory liability. At all material times, these individual

15   Defendants held titles and participated generally as follows in this matter:

16        a.  Defendant Lucero, at all relevant times mentioned herein, was employed by

17             Defendant Fremont as the Chief of Police, and was acting within the course and

18             scope of that employment at such times. He is being sued in his individual and

19             official capacity as the FPD Chief of Police. At all material times, Chief Lucero

20             was the final policy making official for the FPD, ultimately responsible for all

21             policies, procedures, supervision, and training of the FPD.

22        b.  Defendant Little, at all relevant times mentioned herein, was employed by

23             Defendant Fremont as Police Sergeant, and was acting within the course and

24             scope of that employment at such times. He is being sued in his individual and

25             official capacity as the FPD Sergeant. At all material times, Sergeant Little was a

26             supervisor of FPD Officers, ultimately responsible for enforcing policies,

27             procedures, supervision, and training of the FPD.

28

1    c.  Defendant Francisco, at all relevant times mentioned herein, was employed by

2    Defendant Fremont as a Police Officer, and was acting within the course and

3    scope of that employment at such times. He is being sued in his individual and

4    official capacity as a Police Officer. Upon information and belief, Defendant

5    Francisco supervised Gigliotti and Gerber, and was ultimately responsible for

6    enforcing policies, procedures, supervision, and training the two officers.

7    d.  Defendants Gigliotti and Gerber, at all relevant times mentioned

8    herein, were employed by Defendant Fremont as Police Officers, and were acting

9    within the course and scope of that employment at such times. They are being

10    sued in their individual capacities.

11        8.    Defendant Alameda County is a municipal corporation, duly organized and

12  existing under the laws of the State of California, and is the employer of the individual Alameda

13  County defendant, as well as certain, to-be-identified Doe Defendants. At all material times

14  herein, Defendant Alameda County was a public entity, operating Santa Rita Jail, where Plaintiff

15  was wrongly booked and his personal belongings confiscated, and Alameda County was

16  responsible for supervising, enacting, and enforcing Alameda County Sheriff's Office ("ACSO")

17  conduct, policies, and practices, and was responsible for the absence of needed policies and

18  practices, and was responsible for the hiring, retention, supervision, and training of employees

19  and agents of Alameda County, the ACSO, and possibly other agencies, including such

20  employees as Defendant D. Skoldqvist ("Skoldqvist"), District Attorney James Meehan

21  ("Meehan"), and the to-be-identified Alameda County employees – Does 21-40.

22        9.    At all material times herein, Defendant Skoldqvist and the to-be-identified

23  Alameda County employees Does 21-40, in doing the acts or omissions hereinafter described,

24  acted within the course and scope of their employment with Defendant Alameda County, by

25  virtue of their employment with Santa Rita Jail, and acted under color of state law. Defendant

26  Skoldqvist, Meehan, and the to-be-identified Alameda County employees Does 21-40 are sued in

27  their individual capacities, including, where applicable, in their capacities as supervisors based

28

on supervisory liability. At all material times, this individual Defendant held the title and participated generally as follows in this matter:

      a.  Defendant Skoldqvist, at all relevant times mentioned herein, was employed by Defendant Alameda County as the Santa Rita Jail Captain, and was acting within the course and scope of that employment at such times. He is being sued in his individual and official capacity as the Santa Rita Jail Captain. At all material times, Captain Skoldqvist was the final policy making official for Santa Rita Jail, ultimately responsible for all policies, procedures, supervision, and training of the Santa Rita Jail staff.

      b.  Defendant Meehan, at all relevant times mentioned herein, was employed by Defendant Alameda County as the District Attorney, and was acting within the course and scope of that employment at such times. He is being sued in his individual and official capacity as a District Attorney. At all material times, District Attorney Meehan was responsible for investigating charges against Herrera.

10.    The Defendants named above, including the Doe Defendants, are sued in their individual capacities, including, where applicable, in their supervisory capacity as supervisors.

11.    The true names or capacities, whether individual, corporate, associate, or otherwise, of Defendants named herein as Does 1-60 are unknown to Plaintiff, who therefore sues said Defendants by said fictitious names. Plaintiff will amend this Complaint to show said Defendants' true names and capacities when the same have been ascertained. Plaintiff is informed, believes, and thereon alleges that all Defendants sued herein as Does are in some manner responsible for the acts, omissions, and injuries alleged herein.

12.    Plaintiff alleges, on information and belief, that each of the Defendants sued herein was wrongfully, deliberately indifferently, negligently, and/or otherwise responsible in some manner for the events and happenings as hereinafter described, and proximately caused injuries and damages to Plaintiff. Further, certain Doe Defendants were at all material times

1   responsible for the hiring, training, supervision, and discipline of other defendants, including

2   both the individually named and Doe Defendants.

3       13.    Plaintiff is informed, believes, and thereon alleges that each of the Defendants

4   was at all material times an agent, servant, employee, partner, joint venturer, co-conspirator,

5   and/or alter ego of the remaining Defendants, and in doing the things hereinafter alleged, was

6   acting within the course and scope of that relationship. Plaintiff is further informed, believes, and

7   thereon alleges that each of the Defendants herein gave consent, aid, and assistance to each of the

8   remaining Defendants, and ratified and/or authorized the acts or omissions of each Defendant as

9   alleged herein, except as may hereinafter be otherwise, specifically alleged. At all material times,

10  each Defendant was an integral participant, jointly and fundamentally engaged in constitutionally

11  violative, unlawful, and/or tortious activity, resulting in the deprivation of Plaintiff's

12  constitutional rights and other actionable harm.

13      14.    The acts and omissions of all Fremont Defendants were at all material times

14  pursuant to the actual customs, policies, practices, and/or procedures of Fremont and/or the FPD.

15      15.    The acts and omissions of all Alameda County Defendants were at all material

16  times pursuant to the actual customs, policies, practices, and/or procedures of the ACSO and/or

17  Santa Rita Jail.

18      16.    At all material times, each Defendant acted under color of the laws, statutes,

19  ordinances, and regulations of the State of California.

20      17.    Plaintiff presented a proper and timely tort claim to Fremont and Alameda County

21  pursuant to Government Code § 910 et seq., and this action, as it relates to the state law claims

22  asserted against Fremont and Alameda County, was thereafter timely filed within the applicable

23  statutes of limitation.

24      18.    This Complaint may be pleaded in the alternative, pursuant to Rule 8(d)(2) of the

25  Federal Rules of Civil Procedure.

26                    **GENERAL ALLEGATIONS**

19.     On Mother's Day, May 14, 2017, at approximately 8:37pm, reporting party, the sixteen-year-old teenage sister of Herrera's girlfriend, called the police to report an argument between Herrera and three adult women. Reporting party indicated that the "annoying" argument was between family members. Doe Dispatcher asked reporting party if there were any weapons present. Reporting party responded she did not know. Doe Dispatcher then asked reporting party if anyone was drinking or doing drugs. Reporting party responded no. Reporting party stated that no one needed an ambulance and that she was in sole possession of the keys to the vehicle so that no one could flee the scene. Reporting party also told Doe Dispatcher that Herrera was trying to hit her and her mother. Towards the end of the call, reporting party conspicuously shifted her tone and stated, "we're going to run across the street because if he pulls out his fucking gun, I swear…" Doe Dispatcher deliberately indifferently failed to ask follow up questions seeking clarification of reporting party's statements and instead, Doe Dispatcher wrongfully, deliberately indifferently, negligently, and/or otherwise notified Officers Gigliotti and Gerber that one Hispanic male and three Hispanic females were fighting in the street and that the Hispanic male was seen with a gun in the past. In fact, Herrera has never owned a gun and the verbal argument occurred in Herrera's backyard. None of the adults were physically fighting.

20.     The argument was over by the time the officers arrived at the scene. Reporting party and her mother were outside the residence and inside the safety of a vehicle waiting for the officers. Officer Gigliotti's police report states that upon arrival, he made contact with reporting party and her mother and began to take their initial statements when he saw Herrera close and lock the front door. Officer Gigliotti observed Herrera tell everyone inside not to open the door.

21.     In reality, Herrera only closed and locked the screen door. The front door remained open so that the officers could see inside the residence through the screen door. There was no commotion inside the residence as the argument ended prior to the officers' arrival. Without a warrant and without reasonably conducting an investigation from behind the screen door or even attempting to, however, Officers Gigliotti and Gerber wrongfully, deliberately indifferently, negligently, and/or otherwise demanded entry into the residence over Herrera's

clear and explicit objection. The officers' own accounts confirm this. Officer Gigliotti reports, "I could also hear [Herrera] tell everyone inside not to open the door." Officer Gerber similarly reports, "[a]s I approached the residence, I heard a male's voice say 'lock the door'" and then, "I heard Herrera say 'don't open the door.'" Notwithstanding, Officers Gigliotti and Gerber, wrongfully, deliberately indifferently, negligently, and/or otherwise entered into Herrera's home in a constitutionally violative and trespassory fashion. Once inside, Herrera objected to their warrantless entry again, which Officer Gerber included in his report: "Upon entry [ . . . ] Herrera stood up, turned around and said we had no right to come into the house."

22.     After Herrera objected to the officers' warrantless entry, Herrera, on his own, turned around and placed his arms over his head in an effort to cooperate with the officers. Herrera was wearing a t-shirt and basketball gym shorts at the time. Officer Gigliotti conducted an invasive pat-down search of Herrera for weapons and found none. Herrera repeated his objection to the officers' unconstitutional and warrantless entry into his residence. Officer Gigliotti then wrongfully, deliberately indifferently, negligently, and/or otherwise forcefully grabbed Herrera's arms while they were still above Herrera's head and lowered them in an attempt to lock them behind Herrera's back. Officer Gerber wrongfully, deliberately indifferently, negligently, and/or otherwise drew his taser gun in the presence of small and minor children causing them to cry because of his and Officer Gigliotti's aggressive and violent conduct. In pulling out his taser, Officer Gerber negligently placed at least two of the minor and small children in unnecessary danger because they were within inches of where he was standing. At no point did officers Gigliotti and Gerber state that Herrera was under arrest. Rather, they both continued to forcefully apply excessive pressure on Herrera before pinning Herrera against the wall while his arms were still behind his back.

23.     Officer Gigliotti attempted to maneuver Herrera off the wall and slam him to the ground causing Herrera to land face first into the couch. Officer Gigliotti then mounted Herrera and continued to maintain his grip on Herrera's arms that were still behind his back. Herrera was effectively overpowered by Officer Gigliotti's weight and pressure. Though Herrera

was in a completely defenseless position, Officer Gigliotti ordered Officer Gerber to deploy his taser. Officer Gerber aimed his taser gun at Herrera and shot Herrera in the back. Officer Gigliotti then forcefully slammed Herrera to the ground face first with Herrera's arms still behind his back. Officer Gerber shot his taser gun at Herrera a second time. Officer Gigliotti then handcuffed Herrera and placed him under arrest. While still on the ground and handcuffed, Officer Gigliotti wrongfully, deliberately indifferently, negligently, and/or otherwise punched at Herrera's back and in the area Herrera was tased.

24.    Herrera was taken outside and placed inside a hot patrol vehicle with the windows rolled up so that it was difficult for him to breathe. Herrera was taken out of the vehicle approximately ten minutes later once the Fremont Fire Department and Paramedics Plus arrived. Officer Gigliotti is heard on audio recording threatening to put Herrera in the wrap while Doe Officer remarks, "dude, we were cool with you until you started pissing us off, man." While transferring Herrera onto a gurney, Officer Francisco wrongfully, deliberately indifferently, negligently, and/or otherwise placed Herrera in a chokehold and applied pressure on Herrera's neck. Herrera told Officer Francisco he was choking him but Officer Francisco maintained his chokehold and replied, "no I'm not." Doe Officer was recorded threatening Herrera not to act up again, "… or he's [Officer Francisco] going to break your neck." Herrera asked the officers to loosen his handcuffs because they were too tight and causing him pain to which Officer Gigliotti replied, "you put yourself in this position." Herrera was strapped into the gurney in a four-point restraint and transferred to Washington Hospital before being cleared for booking into Santa Rita Jail. While being transported to Santa Rita, Officer Gigliotti remarked, "if you were Italian, this wouldn't be happening to you." Herrera was denied use of the restroom while at Washington Hospital and Santa Rita Jail. At Santa Rita Jail, Herrera was subjected to a mandatory TB shot and threatened to be incarcerated if he objected, even though he requested a chest scan and told Doe Employee to check his medical records because he already had a TB shot. The administered shot caused severe bubbling and bruising on Herrera's arm. Herrera was eventually released after paying approximately $2,000 in bail.

1    25.    Officer Gigliotti collected statements from reporting party, reporting party's

2    mother, Herrera's mother, Herrera's sister, and Herrera's girlfriend, who is also the mother to

3    Herrera's three small and minor children, to include in his police report. Reporting party

4    allegedly told Officer Gigliotti that Herrera threw a hamburger at Herrera's girlfriend when in

5    fact, there were no hamburgers at the residence at any point during the day. Reporting party's

6    mother told Officer Gigliotti that Herrera never hit anyone. Herrera's mother told Officer

7    Gigliotti that she did not witness Herrera hitting anyone. Finally, Herrera's girlfriend told Officer

8    Gigliotti that Herrera never pushed or hit her. Officer Gigliotti's report omitted statements by

9    Herrera's sister. Audio recordings reveal that throughout Officer Gigliotti's interviews, he asks

10    why they were filming him during his encounter with Herrera and that it was "weird" for them to

11    do so. Moreover, Sergeant Little is heard identifying himself and requesting the individuals hand

12    over the footage even though the individuals affirmatively refuse. Sergeant Little, in a harassing

13    fashion, continues to ask if he could see the footage. Upon information and belief, Sergeant Little

14    asked for the footage in order to tamper with and/or destroy evidence. Additionally, Sergeant

15    Little is heard ordering Officer Gigliotti to condense the interviews, deliberately indifferent to

16    Herrera's innocence.

17    26.    Herrera was subsequently charged with four misdemeanor counts: one count for

18    domestic battery, section 243(e)(1); two counts for resisting arrest, section 148(a)(1); and one

19    count for public intoxication, section 647(f). Officer Gigliotti recommended Herrera be charged

20    with domestic battery despite Herrera's girlfriend telling him that Herrera never pushed or hit

21    her. Herrera's girlfriend was interviewed separately and apart from the other interviewees and

22    Officer Gigliotti had no reason to believe Herrera's girlfriend was lying to him. Furthermore,

23    Officer Gigliotti did not witness any injuries on Herrera's girlfriend and two of the other

24    interviewees similarly stated Herrera never hit anyone. Officer Gigliotti also recommended

25    Herrera be charged with resisting arrest even though he was never under arrest when Officer

26    Gigliotti wrongfully, deliberately indifferently, negligently, and/or otherwise forcibly grabbed

27    Herrera's arm after searching him. Upon information and belief, Doe employee, possibly District

28

Attorney Meehan, while engaged in actions that were not intimately associated with the judicial phase of the criminal process, wrongfully, deliberately indifferently, negligently, and/or otherwise recommended a public intoxication charge be brought even though there were no recommendations for or facts to support the charge. Doe employee, possibly District Attorney Meehan, was acting in an investigatory capacity and not as an advocate when he or she recommended this charge as a result of Defendant Alameda County or District Attorney Meehan's failure to train. All charges were dismissed on or about September 1, 2017.

27.    About two to three weeks after being released from Santa Rita Jail, fraudulent charges were made to Herrera's new credit card that he received shortly before May 14, 2017. The charges were made on iTunes. Upon information and belief, Doe employee(s) from either Fremont and/or Alameda County, including Santa Rita Jail, who had access to Herrera's wallet, including his credit card, during his arrest and/or booking wrongfully, deliberately indifferently, negligently, and/or otherwise gained access to Herrera's credit card and made such fraudulent charges through iTunes.

28.    Officers Gigliotti and Gerber's police reports were deliberately fabricated and contain falsified statements, including, but not limited to, allegations that the officers heard yelling and crying from inside the residence. At all material times, Officers Gigliotti, Gerber, Francisco, and Sergeant Little wrongfully, deliberately indifferently, negligently, and/or otherwise did not wear their body camera or audio recording devices, activate it, or correctly operate it throughout the course of their contact with Herrera due to Fremont's failure to train. Moreover, Officers Gigliotti and Gerber failed to either correctly store camera footage and/or consult the footage before preparing their police reports pursuant to FPD's body camera policy.

29.    At all material times and, alternatively, the actions and omissions of each Defendant were intentional, and/or wanton, and/or willful, and/or reckless, and/or callous, and/or malicious, and/or deliberately indifferent to Plaintiff's rights, and/or grossly negligent, and/or negligent.

PLAINTIFF'S COMPLAINT FOR DAMAGES, DECLARATORY & INJUNCTIVE RELIEF, AND DEMAND FOR JURY TRIAL

30.    Plaintiff has incurred economic harms and losses, as well as ongoing stress and anxiety, as a result of Defendants' tortious, wrongful, and constitutionally violative conduct.

31.    As a direct and proximate result of each Defendants' acts and/or omissions as set forth above, Plaintiff sustained the following injuries and damages, past and future, including, but not limited to:

a.  Economic damages, including, but not limited to, out-of-pocket expenses and loss of income;

b. Emotional distress, fear, anxiety, sleeplessness, humiliation, indignity, and loss of liberty;

c.  Loss of enjoyment of life and other continued pain and suffering;

d.  All other legally cognizable special and general damages;

e.  Violations of state and federal constitutional rights; and

f.  All damages and penalties recoverable under 42 U.S.C. §§ 1983 and 1988, California Civil Code § 52, California Code of Civil Procedure § 1021.5, and as otherwise allowed under California and United States statutes, codes, and common law.

## CAUSES OF ACTION

### FIRST CAUSE OF ACTION
### (42 U.S.C. § 1983)
### PLAINTIFF AGAINST DEFENDANTS FREMONT, ALAMEDA COUNTY, LUCERO, LITTLE, GIGLIOTTI, GERBER, FRANCISCO, SKOLDQVIST, MEEHAN, AND DOES 1-60

32.    Plaintiff re-alleges and incorporates by reference each and every allegation contained in the paragraphs above, as though fully set forth herein.

33.    By the actions and omissions described above, the Defendants named above in this cause of action and Does 1-60, acting under the color of state law in their individual capacities, violated 42 U.S.C. § 1983, depriving Plaintiff of the following well-settled constitutional rights that are protected by the Fourth and Fourteenth Amendments to the U.S. Constitution:

a.  The right to be free from unreasonable searches, entry and/or seizures, as secured by the Fourth and Fourteenth Amendments;

b. The right to be free from the use of unlawful and/or unreasonable force, since any force used to effect and maintain an unlawful arrest is unlawful, as secured by the Fourth and Fourteenth Amendments; and,

c. The right not to be deprived of liberty or property without due process of law, as secured by the Fourteenth Amendment.

d. The right to be free from retaliation, as secured by the First Amendment.

34.    The listed Defendants' failure to intervene, prevent, or stop the constitutional violations on the part of other, individually named Defendants and/or supervisors, who were in a position to do so when such violations occurred, renders such Defendant(s) liable for these violations.

35.    Defendant Lucero, Little, Gigliotti, Gerber, Francisco, Skoldqvist, Meehan, and the to-be-identified Doe Defendants' deliberately indifferent and constitutionally violative conduct in failing to take appropriate actions foreseeably set into motion the chain of events that proximately caused the subsequent wrongful seizure of Plaintiff, the unlawful entry and searches of Plaintiff's residence, his personal effects, the false imprisonment of Plaintiff, and caused Plaintiff to continuously be subjected to excessive force and liberty deprivations, including wrongful criminal proceedings being brought against him.

36.    To the extent the supervisors of Little, Gigliotti, Gerber, Francisco, and Does 1-60, who supervised them at material and relevant times, knew, should have known, or had reason to know of Defendants' constitutionally violative conduct, as alleged above, or their propensity to engage in such conduct, such supervisors failed to prevent the unconstitutional acts of said Defendants and failed to properly supervise, thus rendering them liable both directly and in their capacity as supervisor. Thus, any supervisors that failed to prevent the unconstitutional acts of said Defendants and failed to properly supervise them are liable directly and in their capacity as a supervisor.

37.    The Defendants named in this cause of action subjected Plaintiff to their wrongful conduct, depriving Plaintiff of the rights described herein, knowingly, maliciously, and with conscious and reckless disregard for whether the rights and safety of Plaintiff would be violated by their acts and/or omissions.

38.     As a proximate result of the foregoing wrongful acts, Plaintiff sustained injuries and damages, as set forth above, in ¶ 31. Plaintiff is, therefore, entitled to general and compensatory damages in an amount to be proven at trial.

39.     In committing the acts alleged above, the individually named Defendants and Doe Defendants acted maliciously and/or were guilty of wanton and reckless disregard for the rights, safety, and emotional well-being of Plaintiff, and by reason thereof, Plaintiff is entitled to punitive damages and penalties allowable under 42. U.S.C. § 1983 and other state and federal law against these individual Defendants; no punitive damages are sought directly against Fremont or Alameda County.

40.     Plaintiff is also entitled to reasonable costs and attorney's fees under 42 U.S.C. § 1988 and other applicable California codes and laws.

### SECOND CAUSE OF ACTION
### (42 U.S.C. § 1983 – *Monell* and Supervisory Liability)
### PLAINTIFF AGAINST DEFENDANTS FREMONT, ALAMEDA COUNTY, LUCERO, LITTLE, FRANCISCO, SKOLDQVIST, MEEHAN, AND DOES 1-60

41.     Plaintiff re-alleges and incorporates by reference each and every allegation contained in this complaint, as though fully set forth herein.

42.     As supervisors, Defendants Lucero, Little, Francisco, Skoldqvist, Meehan, and Does 1-60 each permitted and failed to prevent the unconstitutional acts of other Defendants and individuals under their supervision and control, and failed to properly supervise such individuals, with deliberate indifference to the rights of Plaintiff. Each of these supervising Defendants either directed his or her subordinates in conduct that violated Plaintiff's rights, OR set in motion a series of acts and omissions by his or her subordinates that the supervisor knew or reasonably should have known would deprive Plaintiff of rights, OR knew his or her subordinates were engaging in acts likely to deprive Plaintiff of rights and failed to act to prevent his or her subordinates from engaging in such conduct, OR disregarded the consequences of a known or obvious training deficiency that he or she must have known would cause subordinates to violate Plaintiff's rights, and in fact did cause the violation of Plaintiff's rights. (See, Ninth Circuit

Model Civil Jury Instruction 9.4). Furthermore, each of these supervising Defendants is liable in their failures to intervene in their subordinates' apparent violations of Plaintiff's rights.

43.     Additionally, these supervisors disregarded the consequences of a policy deficiency that they knew or had reason to know would proximately cause the violation of Plaintiff's constitutional rights, which in fact did cause the violation of Plaintiff's rights.

44.     Plaintiff alleges, upon information and belief, that the unconstitutional actions and/or omissions of Lucero, Little, Francisco, Skoldqvist, Meehan, and other, Doe Defendants herein were pursuant to the following customs, policies, practices, and/or procedures of Fremont, FPD, Alameda County, and/or Santa Rita Jail, or stated in the alternative, which were directed, encouraged, allowed and/or ratified by policy making officials for Fremont, FPD, Alameda County, and/or Santa Rita Jail including Does 1-60:

> a. Failing to enact and/or maintain and/or execute policies and procedures and/or failing to train employees on obtaining a warrant before entering a citizen's residence without his or her consent and when no exigent circumstance is established;

> b. Failing to enact and/or maintain and/or execute policies and procedures and/or failing to train employees on engaging with distressed 911 callers and asking appropriate follow-up questions to ensure clarity and safety of the caller, officers, and other individuals;

> c. Failing to enact and/or maintain and/or execute policies and procedures and/or failing to train employees on use of threats, use of force, and excessive force, especially with use of a taser weapon;

> d. Failing to institute, execute, or enforce readily available procedures for decreasing the risk of unnecessary and unreasonable force and unlawful arrests during contact with citizens;

> e. Failing to institute, execute, or enforce readily available procedures for neutralizing and de-escalating a situation;

> f. Failing to enact and/or maintain and/or execute policies and procedures and/or failing to train employees on wearing body cameras or any other recording devices and activating them correctly, and also consulting them before preparing reports;

> g. Failing to enact and/or maintain and/or execute policies and procedures and/or failing to train employees on the use of a taser gun;

h. Failing to enact and/or maintain and/or execute policies and procedures and/or failing to train employees on prohibited access to and use of suspect's personal property while suspect is arrested or booked;

i. Failing to enact and/or maintain and/or execute policies and procedures and/or failing to train employees on investigating charges and ensuring only legitimate and substantiated claims are recommended against suspects;

j. Failing to supervise and/or discipline officers for negligent and/or reckless conduct that results in the violation of citizens' civil rights;

k. Failing to institute, execute, or enforce readily available procedures on writing police reports including procedures and conducing adequate interviews of witnesses and other persons;

45.    In the alternative, upon information and belief, Defendants may have instituted policies or training addressing some or all of the topics listed above, but have, either through negligence or deliberate indifference to citizens' rights, failed to properly oversee, enforce, and/or properly carry out such policies and/or training.

46.    The above-described customs, policies, practices, and/or procedures of Fremont, FPD, Alameda County, and/or Santa Rita Jail were a moving force and/or a proximate cause of the deprivations of Plaintiff's constitutional rights, in violation of 42 U.S.C. § 1983, as more fully set forth above.

47.    Defendant Fremont and Alameda County is also liable for the violations of Plaintiff's rights by their final policy makers, including Lucero, Little, Francisco, Skoldqvist, Meehan and Does 1-60, as described above. (See, Ninth Circuit Model Civil Jury Instruction 9.6).

48.    Upon information and belief, after receiving Plaintiff's Government Code section 910 claim, Fremont and Alameda County conducted investigations and reviews of this matter concerning the wrongful arrest and other liberty deprivations of Plaintiff, and Defendants Lucero, Little, Francisco, Skoldqvist, Meehan, and Does 1-60 directly and personally participated in such investigations and reviews. The unconstitutional actions and/or omissions of the individually named Defendants and Does 1-60 were approved, tolerated, and/or ratified by

policy making officials for Fremont and Alameda County, including, but not limited to, Lucero, Little, Skoldqvist, Meehan, and Does 1-50. Plaintiff is informed and believes, and thereupon alleges that the details of this incident have been revealed to the authorized policy makers within the Fremont and Alameda County offices and that such policymakers have direct knowledge of the fact that Plaintiff was wrongfully arrested and subjected to other liberty deprivations due to their and their subordinates' deliberate indifference and violations of Plaintiff's rights. Notwithstanding this knowledge, the authorized policymakers within Fremont and Alameda County, approved of the individually named Defendants' and Does 1-60's conduct and decisions in this matter to the extent such individuals were under their supervision and oversight, and have made a deliberate, conscious, and affirmative choice to endorse and ratify such conduct and decisions, and the basis for them, which resulted in the wrongful arrest and other liberty deprivations suffered by Plaintiff. By doing so, the authorized policymakers within Fremont and Alameda County have shown affirmative agreement with the conduct of individual Defendants and other employees/agents under their supervision, and have ratified the unconstitutional acts of these individual Defendants, employees, and agents.

49.     The aforementioned customs, policies, practices, and procedures; the failure to properly and adequately hire, train, instruct, monitor, supervise, evaluate, investigate, and discipline; and, the unconstitutional orders, approvals, ratification, and toleration of wrongful conduct of Defendants Lucero, Little, Gigliotti, Gerber, Francisco, Skoldqvist, Meehan, and Does 1-60 were a moving force and/or a proximate cause of the deprivation of Plaintiff's clearly established and well-settled constitutional rights, in violation of 42 U.S.C. § 1983, as more fully set forth in the paragraphs above.

50.     As a direct and proximate result of the foregoing unconstitutional actions, omissions, customs, policies, practices, and/or procedures of Defendants Fremont, Alameda County, Lucero, Little, Francisco, Skoldqvist, Meehan, and Does 1-60, or the lack of inadequacy thereof, Plaintiff suffered liberty deprivations, incurred damages, and thus, he is entitled to damages, penalties, costs, and attorney's fees, as set forth above, in ¶ 31, and punitive damages

1   against Defendants Lucero, Little, Skoldqvist, Meehan, and Does 1-60, in their individual

2   capacities. Furthermore, Plaintiff's only means of securing complete and adequate relief is to

3   also seek declaratory and injunctive relief, to offer Plaintiff substantial and complete protection

4   from Defendants' unlawful policies and practices; the remedy at law is inadequate. Plaintiff,

5   thus, seeks both legal damages and equitable remedies in the form of injunctive relief against

6   Defendants Fremont and Alameda County.

7
                                **THIRD CAUSE OF ACTION**
8                         **(42 U.S.C. § 1983 – *Devereaux* Liability)**
    **PLAINTIFF AGAINST FREMONT, ALAMEDA COUNTY, DEFENDANTS LUCERO,**
9     **LITTLE, GIGLIOTTI, GERBER, FRANCISCO, MEEHAN, and DOES 1-60**

10         51.    Plaintiff re-alleges and incorporates by reference each and every allegation

11  contained in this complaint, as though fully set forth herein.

12         52.    Defendants Gigliotti and Gerber deliberately fabricated evidence by preparing and

13  writing the police report based on a false allegation and containing perjured statements,

14  omissions, and material misrepresentations that was used to prosecute Herrera, which Doe

15  Employee approved.

16         53.    Defendants Lucero, Little, Gigliotti, Gerber, Francisco, Meehan, and Does 1-60

17  knew that Herrera was innocent, or were deliberately indifferent to Herrera's innocence but

18  conducted a coercive and abusive investigation and/or deliberately fabricated evidence that was

19  used to prosecute Herrera.

20         54.    To the extent the supervisors of Little, Gigliotti, Gerber, Francisco, Meehan, and

21  Does 1-60, who supervised them at material and relevant times, knew, should have known, or

22  had reason to know of Defendants' constitutionally violative conduct, as alleged above, or their

23  propensity to engage in such conduct, such supervisors failed to prevent the unconstitutional acts

24  of said Defendants and failed to properly supervise, thus rendering them liable both directly and

25  in their capacity as supervisor. Thus, any supervisors that failed to prevent the unconstitutional

26  acts of said Defendants and failed to properly supervise them are liable directly and in their

27  capacity as a supervisor.

28

55.     The Defendants named in this cause of action subjected Plaintiff to their deliberate fabrication of evidence, coercive and abusive techniques, and wrongful conduct, depriving Plaintiff of the rights described herein, knowingly, maliciously, and with conscious and reckless disregard for whether the rights and safety of Plaintiff would be violated by their acts and/or omissions.

56.     As a proximate result of the foregoing wrongful acts, Plaintiff sustained injuries and damages, as set forth above, in ¶ 31. Plaintiff is, therefore, entitled to general and compensatory damages in an amount to be proven at trial.

57.     In committing the acts alleged above, the individually named Defendants and Doe Defendants acted maliciously and/or were guilty of wanton and reckless disregard for the rights, safety, and emotional well-being of Plaintiff, and by reason thereof, Plaintiff is entitled to punitive damages and penalties allowable under 42. U.S.C. § 1983 and other state and federal law against these individual Defendants; no punitive damages are sought directly against Fremont and Alameda County.

58.     Plaintiff is also entitled to reasonable costs and attorney's fees under 42 U.S.C. § 1988 and other applicable California codes and laws.

**FOURTH CAUSE OF ACTION**
**(MALICIOUS PROSECUTION)**
**PLAINTIFF AGAINST FREMONT, ALAMEDA COUNTY, LUCERO, LITTLE, GIGLIOTTI, GERBER, FRANCISCO, MEEHAN, AND DOES 1-60**

59.     Plaintiff re-alleges and incorporates by reference each and every allegation contained in this complaint, as though fully set forth herein.

60.     Defendants Lucero, Little, Gigliotti, Gerber, Francisco, Meehan, and Does 1-60 initiated or procured a criminal proceeding against Herrera. The criminal charges were dropped by the Alameda County District Attorney's Office on September 1, 2017. The criminal proceedings were predicated on a false allegation that Herrera battered his girlfriend, resisted arrest, and was intoxicated in public –allegations that were supported by perjured testimony, omissions, and material misrepresentations. Upon information and belief, Plaintiff believes these charges were brought for the purpose of covering up the named Defendant's abuse of authority

including: retaliation for Plaintiff asserting his First Amendment rights, excessive force, unlawful arrest, forceful entry, unlawful seizure, and other constitutional deprivations of Plaintiff.

61.     To the extent the supervisors of Little, Gigliotti, Gerber, Francisco, Meehan, and Does 1-50, who supervised them at material and relevant times, knew, should have known, or had reason to know of Defendants' constitutionally violative conduct, as alleged above, or their propensity to engage in such conduct, such supervisors failed to prevent the unconstitutional acts of said Defendants and failed to properly supervise, thus rendering them liable both directly and in their capacity as supervisor. Thus, any supervisors that failed to prevent the unconstitutional acts of said Defendants and failed to properly supervise them are liable directly and in their capacity as a supervisor.

62.     The Defendants named in this cause of action subjected Plaintiff to their wrongful conduct, depriving Plaintiff of the rights described herein, knowingly, maliciously, and with conscious and reckless disregard for whether the rights and safety of Plaintiff would be violated by their acts and/or omissions.

63.     As a proximate result of the foregoing wrongful acts, Plaintiff sustained injuries and damages, as set forth above, in ¶ 31. Plaintiff is, therefore, entitled to general and compensatory damages in an amount to be proven at trial.

64.     In committing the acts alleged above, the individually named Defendants and Doe Defendants acted maliciously and/or were guilty of wanton and reckless disregard for the rights, safety, and emotional well-being of Plaintiff, and by reason thereof, Plaintiff is entitled to punitive damages and penalties allowable under 42. U.S.C. § 1983 and other state and federal law against these individual Defendants; no punitive damages are sought directly against Fremont or Alameda County.

65.     Plaintiff is also entitled to reasonable costs and attorney's fees under 42 U.S.C. § 1988 and other applicable California codes and laws.

### FIFTH CAUSE OF ACTION
### (CAL. CONST. ART. I, § 13)

PLAINTIFF'S COMPLAINT FOR DAMAGES, DECLARATORY & INJUNCTIVE RELIEF, AND DEMAND FOR JURY TRIAL

**PLAINTIFF AGAINST DEFENDANTS FREMONT, LUCERO, LITTLE, GIGLIOTTI, GERBER, FRANCISCO, and DOES 1-60**

66.    Plaintiff re-alleges and incorporates by reference each and every allegation contained in this complaint, as though fully set forth herein.

67.    The unreasonable and warrantless entry, seizure, incarceration, and wrongful setting into motion of the chain of events that led to the seizure of Plaintiff violated Plaintiff's rights under Article 1, § 13 of the California Constitution, thereby entitling Plaintiff to damages for this violation.

68.    Defendant Fremont are not sued directly in this cause of action, but is named because it is liable under California Government Code § 815.2 for injuries proximately caused by an act or omission of an employee, committed within the course and scope of the employee's employment.

69.    As a proximate result of the foregoing wrongful acts, Plaintiff sustained injuries and damages, as set forth above, in ¶ 31.

70.    Plaintiff is, therefore, entitled to general and compensatory damages in an amount to be proven at trial.

71.    In committing the acts alleged above, Defendants acted maliciously and/or were guilty of wanton and reckless disregard for the rights, safety, and emotional well-being of Plaintiff, and by reason thereof, Plaintiff is entitled to exemplary and punitive damages against these individual defendants in an amount to be proven at trial.

**SIXTH CAUSE OF ACTION**
**(CALIFORNIA CIVIL CODE § 52.1(b))**
**PLAINTIFF AGAINST DEFENDANTS FREMONT, LUCERO, LITTLE, GIGLIOTTI, GERBER, FRANCISCO, and DOES 1-60**

72.    Plaintiff re-alleges and incorporates by reference each and every allegation contained in this complaint, as though fully set forth herein.

73.    By their acts, omissions, customs, and policies, Defendants Fremont, Lucero, Little, Gigliotti, Gerber, Francisco, and Does 1-60, acting in concert/conspiracy, as described above, and with threat, intimidation, and/or coercion, violated Plaintiff's rights under California

Civil Code § 52.1 and the following clearly established rights under the United States Constitution and California Constitution and law:

> a. Plaintiff's rights to be free from unreasonable seizure and his right not to be deprived of liberty or property without due process of law, as secured by the Fourth and Fourteenth Amendments to the United States Constitution and the California Constitution, Article 1, Sections 7 and 13;

> b. The right to enjoy and defend life and liberty; acquire, possess, and protect property; and pursue and obtain safety, happiness, and privacy, as secured by the California Constitution, Article 1, Section 1; and,

> c. The right to protection from bodily restraint, harm, or personal insult, as secured by California Civil Code § 43.

74. Separate from, and above and beyond, Defendants' attempted interference, interference with, and violation of Plaintiff's rights, Defendants violated Plaintiff's rights by the following conduct, among other conduct, constituting threat, intimidation, or coercion:

> a. Intentionally and/or with deliberate indifference, causing Plaintiff to be subjected to unreasonable seizures, incarceration, and other liberty deprivations.

75. Defendant Fremont is not sued directly in this cause of action, but is named because Fremont is vicariously liable pursuant to California Government Code section 815.2.

76. As a direct and proximate result of Defendants' violation of California Civil Code § 52.1 and of Plaintiff's rights under the United States and California Constitutions and law, Plaintiff sustained injuries and damages, and against each Defendant named in this Cause of Action is entitled to relief as set forth above, in ¶ 31, and punitive damages against all individual Defendants, including all damages and penalties allowed by California Civil Code §§ 52 and 52.1 and California law, three times actual damages, and attorneys' fees.

## SEVENTH CAUSE OF ACTION
### (ASSAULT AND BATTERY)
### PLAINTIFF AGAINST DEFENDANTS FREMONT, ALAMEDA COUNTY, LUCERO, LITTLE, GIGLIOTTI, GERBER, FRANCISCO, and DOES 1-60

77. Plaintiff re-alleges and incorporates by reference each and every allegation contained in this complaint, as though fully set forth herein.

78.     By the above-described acts and/or omissions and/or failures to supervise and/or failure to institute and execute adequate training and policies on part of Defendants, as alleged herein, Plaintiff was assaulted and battered, thereby entitling Plaintiff to damages pursuant to California law.

79.     The aiding and abetting and/or failure to intervene and/or failure to prevent the assault and battery gives rise to liability on the part of other, to-be-identified Doe Defendants.

80.     Defendants Fremont and Alameda County are not sued directly in this cause of action, but are named because Fremont and Alameda County are vicariously liable pursuant to California Government Code section 815.2.

81.     As a proximate result of the foregoing wrongful acts, Plaintiff sustained injuries and damages, as set forth above, in ¶ 31. Plaintiff is, therefore, entitled to general and compensatory damages in an amount to be proven at trial, as well as punitive damages against Defendants in their individual capacities. No punitive damages are sought against Fremont and Alameda County directly.

### EIGHTH CAUSE OF ACTION
### (FALSE ARREST & FALSE IMPRISONMENT)
### PLAINTIFF AGAINST DEFENDANTS FREMONT, ALAMEDA COUNTY, LUCERO, LITTLE, GIGLIOTTI, GERBER, FRANCISCO, and DOES 1-60

82.     Plaintiff re-alleges and incorporates by reference each and every allegation contained in this complaint, as though fully set forth herein.

83.     By the above-described acts and/or omissions and/or failures to supervise and/or failure to institute and execute adequate training and policies on the part of Defendants, as alleged herein, Plaintiff was falsely arrested and falsely imprisoned, thereby entitling Plaintiff to damages pursuant to California law.

84.     The aiding and abetting and/or failure to intervene and/or failure to prevent this arrest gives rise to liability on the part of other, to-be-identified Doe Defendants.

85.     Defendants Fremont and Alameda County are not sued directly in this cause of action, but are named because Fremont and Alameda County are vicariously liable pursuant to California Government Code § 815.2.

86.     As a proximate result of the foregoing wrongful acts, Plaintiff sustained injuries and damages, as set forth above, in ¶ 31. Plaintiff is, therefore, entitled to general and compensatory damages in an amount to be proven at trial, as well as punitive damages against Defendants in their individual capacities. No punitive damages are sought against Fremont and Alameda County directly.

### NINTH CAUSE OF ACTION
#### (NEGLIGENCE)
**PLAINTIFF AGAINST DEFENDANTS FREMONT, ALAMEDA COUNTY, LUCERO, LITTLE, GIGLIOTTI, GERBER, FRANCISCO, SKOLDQVIST, MEEHAN, AND DOES 1-60**

87.     Plaintiff re-alleges and incorporates by reference each and every allegation contained in this complaint, as though fully set forth herein.

88.     At all material times, Defendants owed Plaintiff the duty to act with due care in the execution and enforcement of any right, law, or legal obligation.

89.     Defendants are legally responsible for the injuries occasioned to Plaintiff by their want of ordinary care or skill in the performance of their work for Fremont or Alameda County.

90.     At all material times, each Defendant owed Plaintiff the duty to act with reasonable care.

91. These general duties of reasonable care and due care owed to Plaintiff by all Defendants included, but were not limited to, the following specific obligations:

a. To refrain from violating the right to be free from government conduct and/or the exercise of discretion by a government official that is in retaliation and response to the exercise of free speech, as secured by the First and Fourteenth Amendments;

b. To refrain from violating the right to be free from unreasonable searches and/or seizures, as secured by the Fourth and Fourteenth Amendments;

c. To refrain from violating the right to be free from the use of unlawful and/or unreasonable force, as secured by the Fourth and Fourteenth Amendments;

d. The refrain from unlawful threats of force or arrest and intimidation, as secured by the Fourth and Fourteenth Amendments;

e. To refrain from violating the right to be free from outrageous government conduct, as secured by the Fourteenth Amendment;

f. To refrain from violating the right to be free from unreasonable searches and seizures, as secured by the California Constitution, Article 1, section 13;

g. To refrain from violating the right to protection from bodily restrain, harm, or personal insult, as secured by California Civil Code § 43;

h. To refrain from using excessive and/or reasonable force against Plaintiff;

i. To refrain from unreasonably creating and/or escalating a situation where force inevitably is used;

j. To conduct a reasonable investigation before effecting an arrest;

k. To use generally accepted police procedures and tactics that are reasonable and appropriate;

l. To refrain from abusing the authority granted to Defendants by law;

m. To refrain from violating Plaintiff's rights, which are guaranteed by the United States and California Constitutions, as set forth above, and as otherwise protected by law.

92.     Defendants Fremont and Alameda County are not sued directly in this cause of action, but rather are named because they are liable under California Government Code § 815.2 for injury proximately caused by an act or omission of an employee, committed within the course and scope of the employees' employment

93.     By the acts and/or omissions alleged above, Defendants acted negligently and breached their duty of due care owed to Plaintiff, which foreseeably resulted in the suffering of damages by Plaintiff.

94.     As a proximate result of Defendants' negligence, Plaintiff sustained injuries and damages, and against each listed Defendant in this Cause of Action is entitled to the relief described above, in ¶ 31, and as otherwise allowed by law. Plaintiff also seeks punitive damages against such individual Defendants in their individual capacities. Plaintiff does not seek punitive damages against Fremont and Alameda County.

### TENTH CAUSE OF ACTION
### (INVASION OF PRIVACY)

PLAINTIFF'S COMPLAINT FOR DAMAGES, DECLARATORY & INJUNCTIVE RELIEF, AND DEMAND FOR JURY TRIAL

**PLAINTIFF AGAINST DEFENDANTS FREMONT, LITTLE, GIGLIOTTI, GERBER, AND DOES 1-60**

95.     Plaintiff re-alleges and incorporates by reference each and every allegation contained in this complaint, as though fully set forth herein.

96.     By the above-described acts and/or omissions and/or failures to supervise and/or failure to institute and execute adequate training and policies on the part of Defendants, as alleged herein, Plaintiff was subjected to an invasion of privacy, thereby entitling Plaintiff to damages pursuant to California law.

97.     The aiding and abetting and/or failure to intervene and/or failure to prevent this invasion of privacy gives rise to liability on the part of other, to-be-identified Doe Defendants.

98.     Defendant Fremont is not sued directly in this cause of action, but is named because Fremont is vicariously liable pursuant to California Government Code § 815.2.

99.     As a proximate result of the foregoing wrongful acts, Plaintiff sustained injuries and damages, as set forth above, in ¶ 31. Plaintiff is, therefore, entitled to general and compensatory damages in an amount to be proven at trial, as well as punitive damages against Defendants in their individual capacities. No punitive damages are sought against Fremont directly.

**ELEVENTH CAUSE OF ACTION**
**(INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS)**
**PLAINTIFF AGAINST DEFENDANTS LUCERO, LITTLE, GIGLIOTTI, GERBER, FRANCISCO, SKOLDQVIST, MEEHAN, AND DOES 1-60**

100.     Plaintiff re-alleges and incorporates by reference each and every allegation contained in this complaint, as though fully set forth herein.

101.     By the above-described acts and/or omissions and/or failures to supervise and/or failure to institute and execute adequate training and policies on the part of Defendants, as alleged herein, Plaintiff was subjected to intentional infliction of emotional distress, thereby entitling Plaintiff to damages pursuant to California law.

102.     The aiding and abetting and/or failure to intervene and/or failure to prevent this arrest gives rise to liability on the part of other, to-be-identified Doe Defendants.

103.    Defendants Fremont and Alameda County are not sued directly in this cause of action, but are named because Fremont and Alameda County are vicariously liable pursuant to California Government Code § 815.2.

104.    As a proximate result of the foregoing wrongful acts, Plaintiff sustained injuries and damages, as set forth above, in ¶ 31. Plaintiff is, therefore, entitled to general and compensatory damages in an amount to be proven at trial, as well as punitive damages against Defendants in their individual capacities. No punitive damages are sought against Fremont and Alameda County directly.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests the following relief against each and every Defendant herein, jointly and severally:

1.    Compensatory damages in an amount according to proof, which is fair, just, and reasonable;

2.    Punitive damages under 42 U.S.C. § 1983, federal law, and California law, in an amount according to proof and which is fair, just, and reasonable against all Defendants except the public entities and PHS Defendants;

3.    For attorney's fees and costs of suit under 42 U.S.C. § 1988;

4.    For attorney's fees and cost of suit under California Civil Code §§ 52(b)(3) and 52.1(h);

5.    All other damages, penalities, costs, interest, and attorney's fees as allowed by 42 U.S.C. §§ 1983 and 1988; California Code of Civil Procedure § 102.5; California Civil Code §§ 52 et seq. and 52.1; and as otherwise may be allowed by California and/or federal law;

6.    For declaratory and injunctive relief against Fremont and Alameda County; and

6.    For such other and further relief as the Court deems just and proper.

## JURY TRIAL DEMAND

Plaintiff hereby respectfully demands a jury trial, pursuant to Rule 38 of the Federal Rules of Civil Procedure.


Dated: May 14, 2018                    */s/ Andrew Chan Kim*

PLAINTIFF'S COMPLAINT FOR DAMAGES, DECLARATORY & INJUNCTIVE RELIEF, AND DEMAND FOR JURY TRIAL

ANDREW CHAN KIM

Attorney for Plaintiff